UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
TERRENCE CHADWICK,                                      Civil Action:

                   **Plaintiff,**
    -against-                                                      **COMPLAINT**

                                                                                                                       **DEMAND FOR JURY TRIAL**

MERCANTILE ADJUSTMENT BUREAU, LLC,

                   **Defendant.**
-------------------------------------------------------------------

      Plaintiff, TERRENCE CHADWICK (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter "MAB" or "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 and 47 U.S.C. § 227.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

3. Plaintiff is a natural person and a resident of the State of New York, County of Queens, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

4. Defendant is a collection agency with its principal office located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221-7900.

5. Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions which violated the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA"), as well as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA").

7. The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

8. The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS after prior express consent was revoked.

9. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to . . . .any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

10. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until

we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

11. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

12. Defendant's actions further violated § 1692 et seq. of Title 15 of the United States Code, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

13. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

14. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

15. Plaintiff is seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

16. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (718)600-8902 on dozens of occasions.

17. Plaintiff is the customary and sole user of the cellular phone number (718)600-8902, and has been the customary and sole user of that phone number at all times relevant hereto.

18. Plaintiff is the sole party financially responsible for the payment of the Metro PCS account bearing the phone number of (718)600-8902, and has been the sole party financially responsible for that account at all times relevant hereto.

19. Plaintiff is the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on his cellular telephone number (718)600-8902.

20. The Defendant called from numerous phone numbers, including but not limited to (800)466-5259, all of which phone numbers belongs to Defendant.

21. Plaintiff confirmed this phone number as belonging to the Defendant by calling the phone

number and being greeted by a recorded robotic female voice, stating:

"Thank you for calling Mercantile Adjustment Bureau".

22. Defendant specifically used an automated telephone dialing system to call the Plaintiff on his cell phone on July 11, 2016 amongst numerous other dates.

23. Upon information and belief, the Defendant's calls were not intended for the Plaintiff. Instead, the Defendant's representatives would call the Plaintiff asking for a "Steven" whom the Plaintiff does not know and is not otherwise affiliated with.

24. Defendant's use of an automated telephone dialing system was clearly indicated by the fact that no customer service representative was on the line when the Plaintiff would answer the Defendant's calls. Instead, there would be a delay after the Plaintiff answered the phone until a customer service representative would come on the line.

25. In fact, Defendant proudly advertises that in operating its debt collection practice, it uses an automated dialer. Defendant's website states that "Our operations are supported by integrated data and telephony technology that allows us to function transparently between various locations and seamlessly with our client partners. CUBS is our collection system as well as the system of record for all account information. It is integrated with our automated dialer system (Dial Connection), which is a 400 station virtual system with expansion capability."[1]

26. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

27. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number

---

[1] *See,* https://www.mercantilesolutions.com/About.aspx, *last visited on September 1, 2016.*

on a number of occasions.

28. During the Plaintiff's numerous conversations with the Defendant, the Plaintiff specifically advised the Defendant that it had the wrong number, that the Plaintiff was not "Steven" and that the Defendant should cease calling him.

29. The Defendant then continued to make repeated calls to the Plaintiff's cellular phone via the use of an automated telephone dialing system, all in an attempt to collect a debt allegedly owed by this third party named "Steven".

30. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

31. Defendant's intent on harassing the Plaintiff is further evidenced by the fact that the Defendant was not actually trying to reach the Plaintiff, but rather this unaffiliated third party named "Steven", after the Plaintiff repeatedly advised the Defendant that it had the wrong number, that he did not know this "Steven" and that Defendant should stop calling him.

32. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

33. By continuing to place auto-dialed calls to the Plaintiff's cellular phone after specifically instructed to stop calling, the Defendant willfully violated the TCPA on dozens, if not hundreds, of occasions.

34. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was

calling his phone, depleted his battery life, and invaded on the Plaintiff's right to privacy and seclusion.

35. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed by refusing to cease those incessant calls despite Plaintiff's repeated pleas for the calls to stop, and by insisting on calling the Plaintiff seeking this third party named "Steven". The Defendant's repeated calls further interrupted the Plaintiff's day, and wasted the Plaintiff's time spent answering and otherwise addressing these repeated robocalls.

36. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

37. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

38. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

39. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

## CAUSES OF ACTION

### COUNT I

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited

provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692b and 15 USC § 1692c of the FDCPA.

50. 15 USC §1692c provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector."

51. Pursuant to 15 USC §1692c, the Defendant was <u>only</u> allowed to communicate with Plaintiff in order to obtain location information about the debtor "Steven", within the framework specified by 15 USC §1692b.

52. Pursuant to 15 USC §1692b(3), a debt collector may not communicate with any person other than the actual debtor more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

53. Defendant violated said section by continuing to call the Plaintiff dozens of times, after being specifically instructed that the Plaintiff does not know the debtor named "Steven" whom the Defendant was seeking.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff further violated section 15 USC § 1692d of the FDCPA.

55. 15 USC § 1692d(5) prohibits a collection agency from causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

56. Defendant violated this provision of Section 1692d by calling the Plaintiff on dozens of occasions seeking a third party, despite being specifically advised that the Plaintiff does not know the third party whom the Defendant was seeking.

57. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

c. On the Third Count, for violations of the FDCA, 15 USC 1692 *et seq.*, Plaintiff demands judgment (i) Awarding Plaintiff statutory damages; (ii) Awarding Plaintiff

actual damages; (iii) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; (iv) Awarding pre-judgment interest and post-judgment interest; and (v) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 1, 2016  /s/ Yitzchak Zelman, Esq.
Yitzchak Zelman, Esq.
MARCUS & Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.